UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DOMINIC SANFORD,

        Plaintiff,                   Case No. 1:16-cv-1431

v.                                        Honorable Paul L. Maloney

UNKNOWN MULLINS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Desrochers, Cassel, Thurlsby, Miniard, Zwiker, Lewis, and Lebarre. The Court will serve the complaint against Defendants Mullins, Bunting, Doolittle, and Cafiero.

**Discussion**

I.      Factual allegations

Plaintiff Dominic Sanford is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Michigan. Plaintiff sues a number of MDOC employees at ICF: Assistant Resident Unit Supervisor Lloyd Thurlsby, Inspector Unknown Miniard, Grievance Coordinator C. Lewis, Captain Unknown Cassel, Lieutenant Unknown Zwiker, Sergeant Unknown Desrochers, Correctional Officer Unknown Mullins, Medical Manager Jody Lebarre, Medical Supervisor Joanne Bunting,[1] and Nurses Nicole Doolittle and Unknown Cafiero.

Plaintiff's claims arise out of an incident at ICF on April 3, 2016. On that date, Defendants Mullins and Desrochers took Plaintiff to segregation for exhibiting threatening behavior. On the way, Defendants Mullins and Desrochers took Plaintiff to the shower area and ordered him to strip for purposes of a search. Plaintiff handed his clothing to Defendant Mullins. Plaintiff alleges that Defendant Mullins, unbeknownst to Plaintiff, stepped to the side and sprayed pepper spray on Plaintiff's undershorts. When Plaintiff put on his clothing he suffered a severe burning sensation on his genitals, scrotum, and anus. Plaintiff was handcuffed and taken to his segregation cell. He was not supplied with soap and towels to permit him to wash off the spray. The spray continued to chafe and burn.

Plaintiff requested medical care for the burns. Plaintiff claims that Defendants Bunting and Cafiero would not provide treatment for nearly a week. By that time, the burn had

---

[1]Plaintiff uses the spelling "Buntind" and "Bunting" for this Defendant. The Court will use "Bunting" in this opinion.

subsided. Plaintiff alleges that Defendant Doolittle also refused to provide care because Plaintiff complained that the officers had assaulted him.

Plaintiff alleges that Defendants Desrochers, Cassell, Thurlsby, Miniard, Zwiker, and Lewis are responsible for Defendant Mullins' actions because they failed to supervise him or intervene, rectify, or investigate the incident. (Complaint, ECF No. 1, PageID.5.) Similarly, Plaintiff alleges that Defendant Lebarre failed to provide corrective supervision for the health care provider defendants. (*Id.*, PageID.4-5.)

    II.  <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that Defendant Mullins (and those defendants who failed to properly supervise Defendant Mullins) violated the Eighth Amendment prohibition against cruel and unusual punishment when he intentionally and sadistically caused Plaintiff pain by spraying pepper spray on Plaintiff's clothing. Plaintiff claims further that Defendant Mullins took these actions to intimidate Plaintiff because of his race in violation of the First Amendment, the Fourteenth Amendment, and MICH. COMP. LAWS § 750.147b. Plaintiff alleges that Defendants Doolittle, Bunting, and Cafiero (and Defendant Lebarre who failed to adequately supervise them) violated the Eighth Amendment by their deliberate indifference to Plaintiff's serious medical needs. Moreover, Plaintiff contends that Defendants denied him necessary medical treatment in retaliation for his complaints against the officer who assaulted him. Finally, Plaintiff claims that these Defendants violated the Michigan Health Code, MICH. COMP. LAWS § 333.16221.

A.      Supervisory liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. With respect to Defendants Desrochers, Cassel, Thurlsby, Miniard, Zwiker, Lewis, and Lebarre, Plaintiff alleges that the Defendants have failed to properly supervise their subordinates or failed to properly investigate and remedy Plaintiff's primary complaints. Plaintiff has failed to allege, however, that these Defendants engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against Defendants Desrochers, Cassel, Thurlsby, Miniard, Zwiker, Lewis, and Lebarre.

B.      First Amendment retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged

in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). Moreover, there can be little question that withholding medical care might be sufficiently adverse to deter engaging in the protected conduct. Plaintiff's allegations, however, fail at the third step.

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory

motive). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that Defendants Bunting, Cafiero, or Doolittle retaliated against him because he filed a grievance against anyone. Accordingly, his speculative allegation fails to state a claim.

### C. Fourteenth Amendment

Plaintiff states that Defendant Mullins (and the Defendants who failed to supervise him) attempted to intimidate him because of his race; but, he does not otherwise state facts that suggest the existence of a Fourteenth Amendment violation. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. The clause is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Here Plaintiff does not even make the statement that Defendant Mullins treated Plaintiff differently than others similarly situated. He simply references the Fourteenth Amendment. Plaintiff's allegations on this point are wholly conclusory. Plaintiff provides no specific factual allegations to support his contention. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

### D. Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting

*Rhodes*, 452 U.S. at 346). Plaintiff's allegations suffice to state a claim against Defendant Mullins for violation of Plaintiff's Eighth Amendment rights.

The Eighth Amendment also obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Plaintiff's allegations suffice to state a claim against Defendants Bunting, Cafiero, and Doolittle for violation of Plaintiff's Eighth Amendment rights.

### III. State law claims

Plaintiff seeks relief under MICH. COMP. LAWS § 750.147b. The statute defines "ethnic intimidation" and declares such conduct a felony:

> A person is guilty of ethnic intimidation if that person maliciously, and with specific intent to intimidate or harass another person because of that person's race, color, religion, gender, or national origin, does any of the following:
>
> (a) Causes physical contact with another person.
>
> (b) Damages, destroys, or defaces any real or personal property of another person.
>
> (c) Threatens, by word or act, to do an act described in subdivision (a) or (b), if there is reasonable cause to believe that an act described in subdivision (a) or (b) will occur.

*Id.* The statute also provides: "a person who suffers injury . . . as a result of ethnic intimidation may bring a civil cause of action against the person who commits the offense to secure an injunction, actual damages, including damages for emotional distress, or other appropriate relief." *Id.* Such damages are limited to $2,000.00. *Id.* Plaintiff's allegations fall short in that they do not state facts

that demonstrate Defendant Mullins acted with specific intent to intimidate Plaintiff because of his race.

Plaintiff also alleges that the healthcare provider Defendants (Bunting, Cafiero, and Doolittle) violated MICH. COMP. LAWS § 333.16221. That statute provides the grounds for disciplinary subcommittee action for licensed providers of health care. There is nothing in the statutory section regarding a private right of action for its violation. Among the grounds for disciplinary action is "negligence or failure to exercise due care." MICH. COMP. LAWS § 333.16221(a). Certainly common-law negligence is independently actionable, but Plaintiff has not alleged common-law negligence and there are no Michigan authorities finding that violation of this statutory section gives rise to an independent private cause of action.

Pursuant to 28 U.S.C. § 1367(a), "the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy." While the Court may exercise jurisdiction over a plaintiff's state law claim, "[s]upplemental jurisdiction 'is a doctrine of discretion, not of plaintiff's right.' " *Habich v. City of Dearborn*, 331 F.3d 524, 534 (6th Cir. 2003), quoting *Baer v. R & F Coal Co.*, 782 F.2d 600, 603 (6th Cir. 1986) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Thus, a district court may decline to exercise supplemental jurisdiction over a claim if "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). "Where a pendent state claim turns on novel or unresolved questions of state law, especially where those questions concern the state's interest in the administration of its government, principles of federalism and comity may dictate that these questions be left for decision by the state courts." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2nd Cir. 2003). Plaintiff essentially asks this

Court to create a new cause of action for violation of a Michigan statute. This Court must decline Plaintiff's invitation to exercise supplemental jurisdiction over such a novel claim.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Desrochers, Cassel, Thurlsby, Miniard, Zwiker, Lewis, and Lebarre will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's claims for violations of the First Amendment, Fourteenth Amendment, and Michigan Ethnic Intimidation statute, MICH. COMP. LAWS § 750.147b will also be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court declines to exercise supplemental jurisdiction over Plaintiff's claim for violation of MICH. COMP. LAWS § 333.16221. That claim will be dismissed without prejudice. The Court will serve the complaint against Defendants Mullins, Bunting, Cafiero, and Doolittle, but only with respect to Plaintiff's claims for violation of the Eighth Amendment.

An Order consistent with this Opinion will be entered.


Dated:   January 10, 2017               /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge