UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

DOMINIC SANFORD,

        Plaintiff,        Case No. 1:16-cv-1431

v.        Honorable Paul L. Maloney

UNKNOWN MULLINS et al.,

        Defendants.

_____/

## ORDER FOR PARTIAL DISMISSAL and PARTIAL SERVICE

In accordance with the Opinion filed this date:

IT IS ORDERED that Plaintiff's action against Defendants Desrochers, Cassel, Thurlsby, Miniard, Zwiker, Lewis, and Lebarre, as well as Plaintiff's claims for violation of his First Amendment rights, Fourteenth Amendment rights, and the Michigan Ethnic Intimidation statute, MICH. COMP. LAWS § 750.147b, be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c).

IT IS FURTHER ORDERED that Plaintiff's state-law claim for violation of MICH. COMP. LAWS § 333.16221 be DISMISSED WITHOUT PREJUDICE. The Court declines to exercise supplemental jurisdiction over the claim because it raises a novel question of state law.

IT IS FURTHER ORDERED that, in accordance with Administrative Order No. 03-029, the Clerk shall return to Plaintiff with a copy of this order one copy of the complaint and any exhibits.

IT IS FURTHER ORDERED that, in accordance with W.D. Mich. LCivR 10.4 and

Administrative Order 03-029,[1] Plaintiff shall, immediately upon receipt of this order, request that the prison make 3 copies of the complaint and exhibits for service upon Defendants Mullins, Bunting, Cafiero, and Doolittle. Plaintiff is responsible for the cost of the copies. If Plaintiff does not have sufficient funds to pay for the copies, the Michigan Department of Corrections provides loans for legal copies. *See* Mich. Dep't of Corr., Policy Directive 05.03.116.

IT IS FURTHER ORDERED that within fourteen (14) days of this order, Plaintiff shall file with the Court the requisite number of copies of the complaint and exhibits along with a copy of this order OR an affidavit explaining why Plaintiff is unable to provide the requested copies within the fourteen-day period. Should the Court find that the prison failed to make copies upon Plaintiff's request, the Court will direct the Clerk to make such copies as may be necessary and to charge the Michigan Department of Corrections for the cost of copying at the Court's usual rate of $.50 per page.

IT IS FURTHER ORDERED that Plaintiff's failure to submit the requested copies within the time provided by the Court or an affidavit explaining why Plaintiff is unable to provide the requested copies may result in the dismissal of his action without prejudice by the Court.

IT IS FURTHER ORDERED that upon receipt of the copies required by this order, the Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to Defendants Mullins, Bunting, Cafiero, and Doolittle in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S.

---

[1] When service is to be made by the United States Marshal, as in this case, the Court's local rules require litigants to provide sufficient copies of their documents for service when the documents are filed. W.D. Mich. LCivR 10.4. Under Administrative Order 03-029, Plaintiff was excused from providing additional copies of his complaint until the Court determined that service was warranted.

Marshals Service for service under 28 U.S.C. § 1915(d).

IT IS FURTHER ORDERED that the remaining Defendants shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, no Defendant is required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After a Defendant has filed an appearance, proceedings in this case will be governed by the Court's Standard Case Management Order in a Prisoner Civil Rights Case.

Dated: January 10, 2017 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge