# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DOMINIC SANFORD, #449818,                    )
                          Plaintiff,          )
                                              )        No. 1:16-cv-1431
-v-                                           )
                                              )        Honorable Paul L. Maloney
UNKNOWN MULLINS, *et al.,*                     )
                          Defendants.         )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Dominic Sanford filed this civil rights lawsuit alleging that several prison guards put pepper spray in his undergarments. The two remaining defendants, Mullins and Bunting, filed a motion for summary judgment. (ECF No. 51.) The magistrate judge issued a report recommending the motion be granted. (ECF No. 61.) Plaintiff filed objections. (ECF No. 62.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72."

*Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Defendant Mullins. The magistrate judge concludes that the evidence in the record supports the conclusion that the alleged incident did not occur. The magistrate judge identified the administrative record, where prison official observed video evidence which did not support Plaintiff's allegations. The magistrate judge then summarized the problems with Plaintiff's evidence. While Plaintiff provides some indication why the video might not capture the alleged incident, he does not address the deficiencies in his own evidence. Plaintiff merely summarizes his version of the events. Plaintiff's objection, lacking sufficient specificity and merely summarizing what has been presented before, is overruled.

Defendant Bunting. The magistrate judge concludes the evidence shows that Plaintiff did not seek medical treatment from healthcare for several days. When Plaintiff was observed, the medical staff noted no burns, scabs or other open sores. In response, Plaintiff contends he asked for medical attention and was told to write a kite. Plaintiff also disputes that he had no obvious burns. These objections do not undermine the conclusion that Defendant Bunting did not violate the Eighth Amendment because the evidence does not connect Bunting to the alleged deprivation of medical care.

For these reasons, the Report and Recommendation (ECF No. 61) is **ADOPTED** as the Opinion of this Court. And, Defendants' motion for summary judgment (ECF No. 51) is **GRANTED. IT IS SO ORDERED.**

Date:   October 8, 2019                              /s/ Paul L. Maloney
                                                                     Paul L. Maloney
                                                                     United States District Judge